IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK A. STIFFLER, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WU LOCUST PARTNERS, L.P. et al., | : | |
|     Defendants. | : | No. 08-3594 |

**MEMORANDUM RE: SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                                          February 13, 2009

      Plaintiff Mark A. Stiffler ("Stiffler") initiated this action against Defendants WU Locust Partners L.P. ("WU") and David Douglas William, Inc. d/b/a Coldwell Banker Realty Corp. Associates ("Coldwell Banker"), seeking the return of earnest money that Stiffler provided to Defendants in anticipation of Stiffler's purchasing a condominium constructed by WU. Presently before this Court is Coldwell Banker's "Motion for Summary Judgment and to Interplead Funds." (Doc. 14). For the reasons that follow, Coldwell Banker's Motion will be denied.

**I.    Background and Procedural History**

      This litigation arises out of a purchase agreement between Stiffler and WU, entered into on December 2, 2005, whereby Stiffler agreed to purchase a condominium that WU would be constructing at the Western Union Building Condominium Residences. (Statement of Undisputed Material Facts ¶ 1). Pursuant to the agreement, Stiffler made a deposit of $207,900 on December 17, 2005 as earnest money (Statement of Undisputed Material Facts ¶ 5), which Stiffler alleges is being held by Coldwell Banker (Compl. ¶ 10). Stiffler alleges in his Complaint that WU was required to close on the condominium no later than two years after the date the

purchase agreement was signed, which was on December 2, 2007. (Compl. ¶¶ 11-12). According to Stiffler, the purchase agreement also provided that Stiffler was not required to close on the purchase until there was a "substantial completion" of the condominium building common areas, including the lobby, elevators, and the gym. (Compl. ¶ 13). However, as of December 2, 2007, Stiffler alleges that WU had not substantially completed the common areas and were in breach of the purchase agreement. (Compl. ¶¶ 14-19). Seeking to terminate the contract, Stiffler provided notice to Defendants of his intent to withdraw from the agreement and requested the return of his earnest money. (Compl. ¶¶ 22-26). In response to his demand, Stiffler alleges that Coldwell Banker refused to return the earnest money. (Compl. ¶¶ 24-26).

Stiffler subsequently filed the current proceeding against WU and Coldwell Banker, alleging the above facts and seeking the return of his earnest money from Coldwell Banker. (Doc. 1). After WU filed an answer and counterclaims (Doc. 4) and after Stiffler answered the coutnerclaims (Doc. 5), Coldwell Banker also answered the Stiffler Complaint with several affirmative defenses. (Doc. 8). Importantly, Coldwell Banker did not make any counterclaims against any of the parties. Coldwell Banker then filed the Motion for Summary Judgment and to Interplead Funds, which is currently before this Court. (Doc. 14).

## II.     Jurisdiction and Legal Standard

### A.     Jurisdiction

As the parties in this case have diverse citizenship and because the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

### B.     Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, "by affidavits or as otherwise provided in this rule [ ] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

### III. Discussion

Coldwell Banker files the current "Motion for Summary Judgment and to Interplead Funds" by relying on, as the name suggests, the legal device of interpleader:

> Coldwell Banker has no interest in the enforcement of the agreement of sale, and holds the funds solely for the benefit of the parties, i.e., it is a mere stakeholder. As it has no interest in the funds, and neither Mr. Stiffler nor WULP have asserted any positive claims against Coldwell Banker, the procedural device of interpleading the funds into Court and dismissing Coldwell Banker as a party to the action was tailor-made for circumstances such as these.

(Doc. 14 at 3-4).

While Coldwell Banker's statement that interpleader was 'tailor-made for circumstances such as these" may be true, Coldwell Banker has not taken the necessary steps to utilize interpleader. As has been consistently recognized, interpleader is not simply a theory upon which a party files a Motion for Summary Judgment, but is defined as "[a] suit to determine a right to property held by a usu[ally] disinterested third party (called a stakeholder) who is in doubt about ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership." Black's Law Dictionary 837 (8th ed. 2004) (emphasis added).

The Third Circuit's jurisprudence on interpleader similarly dictates that interpleader requires a suit or a claim against other parties, not just a reliance on the legal theory. "The equitable remedy of interpleader allows 'a person holding property to join in a single suit two or more persons asserting claims to that property.'" Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007) (quoting NYLife Distrib., Inc. v. Adherence Group, Inc., 72 F.3d 371, 372 n.1 (3d Cir. 1995)) (emphasis added). "The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability." Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007) (emphasis added). "In such an action, the

stakeholder may file suit, deposit the property with the court and then withdraw from the proceedings, leaving the competing claimants to litigate between themselves." Allstate Settlement Corp. v. United States, 2008 WL 2221897, at *3 (E.D. Pa. May 28, 2008) (Buckwalter, S.J.).

The two textual authorities controlling interpleader–28 U.S.C. § 1335 and Fed. R. Civ. P. 22–again suggest that parties may not utilized interpleader without first instituting a claim against the other parties. The first textual authority for interpleader is 28 U.S.C. § 1335:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if [the diversity requirements are satisfied and the money is properly deposited with the court].

Id. (emphasis added). This statute, as the Third Circuit has recognized, "grants original jurisdiction to the district courts over interpleader actions and sets forth certain requirements that must be met before the action may be maintained." NYLife, 72 F.3d at 374 (emphasis added). "An action under the interpleader statute 'must be brought by the stakeholder, and despite the prospects of multiple suits a claimant not in possession or control of property cannot bring the action and thus force the stakeholder to interplead.'" Bankers Trust Co. v. Mfrs. Nat'l Bank of Detroit, 139 F.R.D. 302, 307 (S.D.N.Y. 1991) (Mukasey, J.) (quoting 3A Moore's Federal Practice ¶ 22.07 at 22-47 (1991)); see also Aetna, Inc. v. Jones, 2006 WL 3955981, at *3 (E.D. Pa. Jan. 24, 2006) (Joyner, J.) (stating that § 1335 requires that an "interpleader action [] be

brought by a stakeholder who has 'custody or possession' of the funds that constitute the fund to be distriubted"). Without having filed a claim against the other parties, Coldwell Banker is unable to rely on statutory interpleader to support its Motion.

A party can also seek the remedy of interpleader under Rule 22 of the Federal Rules of Civil Procedure. In referring to interpleader by defendants, as is the case here, Rule 22 provides that "[a] defendant exposed to [double or multiple liability] may seek interpleader through a crossclaim or counterclaim." Id.; see also Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 705 n.2 (1972) ("[U]nder [Rule] 22, a defendant seeking interpleader must frame his pleading either as a cross-claim seeking relief against a coparty already in the lawsuit, or as a counterclaim seeking relief against the plaintiff."). As Stiffler rightfully points out, Coldwell Banker has brought neither of these in the case at hand. Coldwell Banker is therefore unable to rely on Rule 22 to argue that its Motion for Summary Judgment should be granted.

Coldwell Banker has not provided any authority to suggest that itnerpleader is appropriate in this case without having filed a claim, cross-claim, or a counterclaim. "An interpleader action pursuant to Federal Rule of Civil Procedure Rule 22 or 28 U.S.C. § 1335 is commenced by filing a complaint in interpleader. No such [claim] has been filed in the instant matter, and thus no interpleader action has been commenced." F.T.C. v. Crittenden, 823 F. Supp. 699, 702 (C.D. Cal. 1993) (internal citations omitted) (considering whether interpleader action was filed for purposes of service of process). Coldwell Banker's Motion for Summary Judgment and to Interplead Funds is therefore denied without prejudice to renewal assuming Coldwell Banker files the appropriate pleading. If Coldwell Banker renews its Motion, it should address the other arguments raised by Plaintiff's Memorandum.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK A. STIFFLER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WU LOCUST PARTNERS, L.P. et al., | : | |
| Defendants. | : | No. 08-3594 |

## **ORDER**

AND NOW, this 13th day of February, 2009, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Defendant David Douglas William, Inc. d/b/a Coldwell Banker Realty Corp. Associates's Motion for Summary Judgment (Doc. 14) is hereby DENIED without prejudice.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-3594 Stiffler v. WU Locust\08-3594 Stiffler v. WU Locust - SJ Memo.wpd